## FIFTH THIRD UNION TRUST CO. v. CONTINENTAL ILLINOIS CO.

### No. 45748.

United States District Court
N. D. Illinois, Eastern Division.

Dec. 15, 1948.

Poppenhusen, Johnston, Thompson & Raymond, of Chicago, Ill., for plaintiff.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brought this action seeking recovery of damages for an alleged breach of warranty arising out of the sale of certain tax anticipation warrants by defendant to plaintiff. Defendant denied such breach of warranty and, issue having been joined, a trial of the cause was had upon its merits.

The factual background of the case is that the City of Chicago and the Board of Education of Chicago exist as separate and distinct corporate entities. Each is empowered to issue tax warrants, payable out of tax funds which, although collected as a unit, are allocated proportionately to each such municipal corporation. On September 13, 1930, defendant, by letter (Plaintiff's Exhibit #4), offered to sell to plaintiff " $100,000 City of Chicago, Illinois, 6 per cent Tax Anticipation Warrants dated July 1, 1929, with an indicated maturity date of September 15, 1930". Pursuant to this agreement defendant delivered to plaintiff $100,000 worth of warrants which had

been issued in anticipation of the collection of 1929 general taxes levied by the City of Chicago for school building and education purposes. Since that time all City of Chicago Corporate Fund Tax Anticipation Warrants have been paid in full. However, taxes allocated to the Board of Education were insufficient to pay the Building and Education Fund Warrants, $40,000 of which are still retained by plaintiff and which, for all practical purposes, are conceded to be worthless. Plaintiff contends, therefore, that, by the terms of the offer of September 13, 1930, defendant obligated itself to deliver Corporate Fund Warrants and that its failure to comply with the terms of the agreement constituted a breach of warranty which resulted in damage to the plaintiff in the sum of $40,000.

■■■ It is quite apparent from the evidence adduced at the trial that plaintiff's position is untenable. I am aware of no rule of judicial construction which would require the conclusion that the simple statement contained in plaintiff's Exhibit #4 (supra) amounted to a warranty that defendant undertook to deliver City of Chicago Corporate Fund Tax Anticipation Warrants. The more reasonable interpretation is that the defendant agreed merely to deliver warrants bearing the general caption "City of Chicago Tax Anticipation Warrant Note", without reference to the particular fund from which such warrants were payable. Furthermore, I am of the opinion that it has been sufficiently shown that, as a matter of custom and usage, all of the tax warrants in question were commonly designated in the financial trade as "City of Chicago Tax Anticipation Warrants" without regard to the purpose for which they were issued.

■ The case at bar does not involve the situation where one party has taken advantage of the ignorance of the other party. Here defendant transacted its business with Mr. Charles H. Deppe, an officer of plaintiff corporation and one who had been dealing in municipal securities for approximately thirty years. Certainly he should be chargeable with knowledge and understanding of statements on the face of the instruments. The warrants themselves contained the information that they were issued for either educational or building purposes, and were signed by the president and secretary of the Board of Education, and merely countersigned by the mayor and comptroller of the city. It is inconceivable that such information would fail to put a man of Mr. Deppe's experience upon notice. And the following excerpts from letters written by Mr. Deppe to the defendant undeniably indicate that he was fully cognizant of the true nature of the warrants and that he had no complaint to register on that score:

(a) Plaintiff's Exhibit #10, dated December 17, 1930—

"Replying to your letter of the 15th, please be advised that our City of Chicago Tax Anticipation Warrants all read School Building and that $20,000 of them are also marked Educational while the balance of $80,000 are marked School."

(b) Plaintiff's Exhibit #13, dated May 25, 1931—

"You understand, of course, that we hold $100,000. City of Chicago Tax Anticipation Warrants payable from the tax levy of 1929—marked Educational—School—School Building—all dated July 1-1929."

(c) Plaintiff's Exhibit #18, dated June 4, 1931—

"Referring to my telephone conversation with Mr. Sterling Cramer yesterday, I hand you herewith, by registered mail, insured, $100,000. City of Chicago Tax Anticipation Warrant Notes dated July 1–1929 –Nos. B4244/4252, 4255, 4555/4559 at $1000. each Nos. B4703/4711, 5528/5530, 5541 at $5000. each issued for School Building Purposes and Nos. E 4356/7, 4495 and 4537 at $5000. each for Educational Purposes".

■ Furthermore, conceding for the sake of argument that a warranty was made by defendant, it can be seen that plaintiff did not come within the protections of the Illinois Sales Act:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the

buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." Chapter 121½, Smith-Hurd Ill.Ann.Stat. § 49.

In view of Mr. Deppe's extensive experience with municipal securities, his statements contained in the letters quoted supra, and the fact that the warrants were in the possession of plaintiff some fifteen months before any claim was made for breach of warranty, the conclusion is inevitable that plaintiff either knew or ought to have known that the warrants in question were not Corporate Fund Warrants.

At the close of plaintiff's case, defendant moved for judgment determination of which motion was reserved pending the filing of post-trial briefs. Defendant's motion is now granted and judgment is entered accordingly for defendant.